**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**




Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 20 2010**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-33373 |
| | ) | Chapter 7 |
| Rosita Dennis | ) | |
| | ) | Adv. Pro. No. 10-3181 |
| Debtor. | ) | Hon. Mary Ann Whipple |
| | ) | |
| Daniel M. McDermott, | ) | |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Rosita Dennis | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER

This adversary proceeding is before the court upon Plaintiff Trustee's "Complaint Objecting To Discharge Under 11 U.S.C. Section 727" ("Complaint") [Doc. #1]. Plaintiff is the duly appointed and acting United States Trustee for Region 9 and has standing to bring this action. Defendant is the Debtor in voluntary Chapter 7 Case No. 10-33373 pending in this court.

On June 25, 2010, the Clerk issued a summons and notice of pre-trial conference ("Summons")[Doc. # 4]. The return on service [Doc. # 6] shows that the Summons and Complaint were

duly and properly served on Defendant, sent to the address in her petition by ordinary first class United States Mail. The Summons required an answer or other response to the Complaint to be filed by July 26, 2010.

On August 11, 2010, the court held the initial pre-trial scheduling conference on the Complaint as set in the Summons. An Attorney for Plaintiff appeared in person. There was no appearance by or on behalf of Defendant/Debtor and no answer or other response to the Complaint had been filed. Plaintiff filed a Motion for Default Judgment ("Motion") on August 20, 2010 [Doc. # 13]. The Clerk entered Defendant's default. [Doc. # 10]. The Motion was properly served by first class mail on Defendant at the address set forth in the petition. The court scheduled a hearing on the Motion and notice of this hearing was also properly served on Defendant at the address set forth in her petition. [Doc. ##14, 15].

On September 15, 2010, the court held the hearing on the Motion. An Attorney for Plaintiff appeared in person. There was no appearance by or on behalf of Defendant. A review of the record shows that no answer or other response to the Complaint or Motion has been filed. Plaintiff also filed a declaration complying with the Servicemembers Civil Relief Act indicating that Defendant is not known to be in the military service of the United States. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiff's Motion for Default Judgment will be **GRANTED.**

**Law:**

The legal basis for the Complaint is 11 U.S.C. §§ 727 (a)(8), which provides that a debtor who has been granted a Chapter 7 discharge in another case commenced within 8 years before the date of filing of the petition in the new case is not entitled to a discharge.

The court has jurisdiction over the Defendant's/ Debtor's underlying Chapter 7 bankruptcy case. 28 U.S.C. § 1334. The case and all related proceedings, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to a debtor's right to a discharge. 28 U.S.C. § 157(b)(2)(J).

**Findings of Fact:**

The court finds that notice, including the service of the Summons and Complaint and of the Motion and of the hearing on the Motion, has properly been given to Defendant. Service of the Summons and Complaint was duly and properly effected under Fed. R. Bankr. P. 7004(b)(9). The court further notes that no court mailings to Defendant in this adversary proceeding have been returned as undeliverable. The court therefore finds that Defendant has failed to plead or otherwise defend this action as required by

2

the applicable rules of procedure.

The court finds that the well-pleaded allegations of the Complaint constitute a valid cause of action under 11 U.S.C. § 727 (a)(8), and deems them as true as a result of the default. In the absence of evidence to the contrary, the court finds that Defendant was granted a prior discharge under 11 U.S.C. § 727 in Case No. 05-37200 in this court, that Case No. 05-37200 was commenced on July 18, 2005, and that Defendant's underlying Chapter 7 case that is the subject of the Complaint was subsequently commenced on May 14, 2010. Section 727(a)(8) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") to extend the prohibition on successive Chapter 7 discharges from 6 year to 8 years. As Defendant's current Chapter 7 case was commenced after the October 17, 2005, effective date of the relevant provisions of BAPCPA, amended § 727(a)(8) applies to this case. The court thus finds that Defendant's prior Chapter 7 Case No. 05-37200 was commenced within 8 years before the filing of the voluntary petition in underlying Chapter 7 Case No. 10-33373. Accordingly, Defendant/Debtor is not entitled to a discharge in that Chapter 7 case.

### Conclusion:

Based on the foregoing reasons and authorities, Plaintiff's Motion for Default Judgment [Doc. # 13] is hereby **GRANTED.** A separate judgment in accordance with this Memorandum of Decision and Order will be entered by the court.

**IT IS SO ORDERED.**

3